O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date:  January 24, 2013

Title: ROBERT RIGGINS V. BANK OF AMERICA, N.A., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                                  N/A
Courtroom Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                               None Present

PROCEEDINGS (**IN CHAMBERS**):    **ORDER GRANTING IN PART**
**DEFENDANTS' MOTION TO DISMISS**
**WITH PREJUDICE AS TO CERTAIN**
**CLAIMS AND DENYING IN PART**

Before the Court is a Motion to Dismiss (the "Motion") filed by Defendants Bank of America, N.A., The Bank of New York Mellon, Mortgage Electronic Registration Systems, Inc., and ReconTrust Company, N.A. (collectively "Defendants"). Mot. (Dkt. 30). The court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court GRANTS IN PART the Motion and DISMISSES certain claims WITH PREJUDICE, but also DENIES IN PART as to other claims.

I.       **Background**

A.  **Factual Background**

Both the parties and the Court are familiar with the facts of this case after a prior Order granting a prior motion to dismiss. Order (Dkt. 26).

1.  **Loan Origination**

As stated in the previous Order, Plaintiff Robert Riggins ("Plaintiff") entered into a loan agreement with Defendant Countrywide Home Loans, Inc. ("Countrywide") on

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                   Page 2

_____

December 21, 2006. Second Amended Compl. ("SAC") (Dkt. 27) at ¶ 18. Plaintiff
executed an Adjustable Rate Note as part of a loan in the amount of $642,000 to purchase
a property located at 409 Ford Road, Costa Mesa, CA 92627. *Id*. at ¶ 18, Ex. A. A deed
of trust securing Plaintiff's loan was recorded naming Countrywide as the lender,
Defendant ReconTrust Company ("ReconTrust") as the trustee, and Defendant Mortgage
Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *Id*. at ¶ 19, Ex. B.
Defendant Bank of America, N.A. ("BANA") is the successor in interest to Countrywide.
*Id*. at 5.

        Plaintiff's loan application was completed via telephone. *Id*. at ¶ 122. During the
loan application process, an interviewer employed by Countrywide briefly reviewed
Plaintiff's financial information and made a recommendation to him with respect to the
type of loans that would be offered by Countrywide. *Id*. at ¶ 20. Plaintiff alleges that
when the loan application was filled out, Countrywide, through the interviewer acting as
its agent, listed Plaintiff's "gross monthly income as $15,000" without Plaintiff's
knowledge. *Id*. at ¶ 21. Plaintiff alleges that at the time the loan application was filled out,
he "had little if any income at all." *Id*. Signed documents indicate that Plaintiff received
the Deed of Trust, which included the terms of the loan, in December 2006. RJN (Dkt.
31) Ex. A. Plaintiff does not allege any facts indicating if he ever received the loan
application which included the inflated monthly income and no signed loan application
has been provided by either party.

### 2.  Countrywide Enters Into a Stipulated Judgment in 2008

        In October 2008, Countrywide agreed to a Stipulated Judgment with the Attorney
General of the State of California. *Id*. at ¶ 24; *Id.* Ex H. The Stipulated Judgment dealt
with certain home loans originated by Countrywide between 2003 and 2008. *Id*.

### 3.  Notice of Default Filed in 2009

        A Notice of Default was filed by ReconTrust on November 18, 2009. *Id*. at ¶ 42.
Bank of New York was allegedly listed as the beneficiary. *Id*. at ¶ 41. The Notice of
Default indicates that Plaintiff, as of November 13, 2009, was $119,706.49 in default. *Id.*
Ex. F. Plaintiff includes no indication in his complaint that a foreclosure sale has taken
place.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0033 DOC (MLGx)                          Date: January 24, 2013
                                                         Page 3

---

**4.  Countrywide's Assignment of Interest Not Recorded Until 2010**

Soon after the loan agreement was signed in December 2006, Countrywide attempted to assign the beneficial interest in Plaintiff's note to a trust run by Defendant Bank of New York Mellon ("Bank of New York"). *Id.* at ¶¶ 37-38. However, an assignment of the interest was not recorded until 2010. *Id.* at ¶ 59.

Plaintiff alleges that the assignment of the interest was never properly recorded according to the Pooling and Servicing Agreement that governed the CWABS Asset-Backed Certificates Trust 2007-1 ("CWABS Trust"), which required that all assignments occur on or before February 9, 2007. Consequently, Plaintiff alleges that Bank of New York did not have a beneficial interest in the loan. *Id.* Plaintiff argues that BANA breached the terms of the loan agreement by enforcing the loan on behalf of Bank of New York when Bank of New York allegedly had no interest in the loan. *Id.* at ¶¶ 37-38, 59. Plaintiff further alleges that Defendants fraudulently fabricated and recorded documents with the County Recorder's Office to fill in missing gaps in the chain of title. *Id.* at ¶¶ 90, 100.

An assignment was recorded from MERS to Bank of New York on February 1, 2010. *Id.* at ¶ 39. Plaintiff alleges that he never received certain Truth in Lending Act ("TILA") disclosures detailing this assignment such as how to contact his new creditor or any other information regarding that creditor. *Id.* at ¶¶ 43, 73-75. Plaintiff alleges that he did not discover that there had been a potential TILA violation until November 2011, when he received a letter from BANA stating that his loan had been sold to Bank of New York. *Id.* at ¶ 76.

**B.  Procedural History**

Plaintiff filed an initial Complaint on January 9, 2012. Compl. (Dkt.1). Plaintiff filed the First Amended Complaint ("FAC") on April 3, 2012. FAC (Dkt. 13). Defendants filed a Motion to Dismiss on April 23, 2012. Mot. (Dkt. 15).

This Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss on July 18, 2012. Order (Dkt. 26). On July 26, 2012, Plaintiff filed the Second Amended Complaint ("SAC") alleging seven causes of action for: (1) fraud; (2) violations of the Truth in Lending Act; (3) violations of the California Business and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                   Page 4

---

Professions Code; (4) breach of fiduciary duty; (5) cancellation of a written instrument; (6) equitable estoppel; and (7) violation of a covenant of good faith and fair dealing. SAC (Dkt. 27).

Thereafter, Defendants filed the present Motion to Dismiss.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                    Page 5

---

based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

      Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

      Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

      Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)). Rule 9(b)'s heightened pleading standard

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                    Page 6

---

applies not only to federal claims, but also to state law claims brought in federal court. *Id.*
at 1103. This heightened pleading standard ensures that "allegations of fraud are specific
enough to give defendants notice of the particular misconduct which is alleged to
constitute the fraud charged so that they can defend against the charge and not just deny
that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th
Cir.1985).

### III.    Discussion

        In the SAC, Plaintiff asserts a total of seven causes of action. Defendants move to
dismiss all except the violation of the Truth in Lending Act. The Court considers the six
challenged causes of action in turn.

### A.  Plaintiff's Fraud Claim Fails to Plead Justifiable Reliance

        The elements of fraud in California are: (1) a misrepresentation; (2) knowledge of
falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages.
*Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Federal Rule of Civil Procedure
9(b) provides that an allegation of "fraud or mistake must state with particularity the
circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by
Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v.
Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6
F.3d 666, 672 (9th Cir.1993) ("[Rule 9(b) requires] the times, dates, places, benefits
received, and other details of the alleged fraudulent activity.").

        Defendants argue that Plaintiff failed to allege facts as to how Plaintiff relied on
Defendants' alleged misrepresentation. Memo (Dkt. 30) 11. Plaintiff counters that they
"relied on the misrepresentation by Countrywide's representative, namely that he
qualified for this particular adjustable rate loan." Opp'n (Dkt. 32) 12.

        Plaintiff's fraud claim centers around Countrywide's representative allegedly
misrepresenting to Plaintiff that he qualified for his loan based on his little to no income
when Countrywide actually qualified Plaintiff for his loan based on a greatly inflated
monthly income. Plaintiff claims Greg Taddeo, a Countrywide representative, "briefly
reviewed [Plaintiff's] financial information and made recommendations to [Plaintiff]
with respect to the type of loan" that Countrywide would offer. SAC (Dkt. 27) at ¶ 20.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                    Page 7

---

Plaintiff further claims that "the Uniform Loan Application was filled out by
Countrywide stating Plaintiff's monthly income as $15,000" when in fact, "at the time of
the loan application, [Plaintiff] had little if any income." *Id*. at ¶21. Plaintiff claims that
"Countrywide falsified [Plaintiff's] loan application to show an income that was grossly
inflated . . . and deceived [Plaintiff] into believing that he did in fact qualify for the loan,
when in fact, he did not." *Id*. at ¶ 41.

A recent California Court of Appeal decision reviewed a similar situation. In
*Perlas v. GMAC Mortg., LLC.*, 187 Cal. App. 4th 429 (2010), the appellants told the
defendant in a loan interview that their yearly income was $50,000. Defendant later
informed appellants that they qualified for a loan, but never informed them that the loan
qualification was based upon an inflated yearly income of over $100,000. *Id*. Appellants
sued defendant for fraud alleging that defendant misrepresented to appellants that they
qualified for a loan with their yearly salary, when in fact they did not. *Id*. The court held
that the appellants failed to state a cause of action for fraud against the defendant. *Id*. at
436. The court stated that "[a]ppellants appear to conflate loan qualification with loan
affordability." *Id*. "In effect, appellants argue that they were entitled to rely upon
[defendant's] determination that they *qualified* for the loans in order to decide if they
could *afford* the loans." *Id*. The court went on to reason that the lender's efforts to
determine the creditworthiness and ability to repay by a borrower are for the lender's
protection, not the borrower's, and borrowers rely on their own judgment and risk
assessment in deciding whether to accept a loan. *Id*.

Plaintiff's argument is the same as the appellants in *Perlas*. Plaintiff is conflating
Defendants' misrepresentation that he qualified for the loan based on "little to no
income" with the idea that Defendants' misrepresented that Plaintiff could *afford* the loan
with "little to no income." As in *Perlas*, this reliance is unjustifiable and Plaintiff's fraud
claim fails to state a cause of action against Defendants.

Plaintiff's Opposition argues that the allegation that he "relied on Countrywide's
misrepresentations and as a result he suffered economic damages" is sufficient to give
rise to a claim for fraud. Opp'n (Dkt. 32) 11. Plaintiff cites to *Corazon v. Aurora Loan
Servs., LLC*, 2011 U.S. Dist. LEXIS 97333 (N.D. Cal. 2011), for this proposition. But the
court in *Corazon* held that the plaintiff "failed to plead detrimental reliance with the
requisite specificity" when she simply alleged that "plaintiff relied on these statements."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                    Page 8

---

*Id.* at 14. The court went on to state that "[s]uch naked allegations are insufficient to satisfy Rule 9(b)." *Id.*

Therefore, Plaintiff's claim for fraud fails to state a cause of action and the Court GRANTS the Motion to Dismiss the first claim for fraud WITH PREJUDICE.

### B.  Plaintiff's Third Claim for Violation of the UCL

Plaintiff brings a claim under California Business & Professions Code Section 17200, commonly referred to as California's Unfair Competition Law ("UCL"), based on allegations stemming from his 2006 loan agreement and the enforcement of that loan. These allegations are of fraudulent and deceptive business practices including but not limited to marketing and funding predatory loans, refusing to offer Plaintiff a reasonable loan modification and violating a number of California financial and penal laws.

In addition, Plaintiff brings several claims not related to the loan origination. Plaintiff claims that Defendants fraudulently fabricated documents and fraudulently recorded these documents with the County Recorder's Office in violation of California Penal Code §§ 115.5 and 532(f)(a)(4). Plaintiff also claims that Defendants engaged in unlawful business practices by refusing to offer him a loan modification pursuant to a Stipulation entered into with the Attorney General. Each of these claims will be addressed in turn.

### 1.  Legal Standard

Plaintiff brings an action for unfair competition against Defendants under the UCL. The UCL defines "unfair competition" as "any unlawful, unfair, or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. Each prong of the UCL is a separate and distinct theory of liability. *See South Bay Chevrolet v. General Motors Acceptance Corp.*, 85 Cal. Rptr. 2d 301, 316 (Cal. App. 1999). Under the 'unlawful' prong, a practice violates the UCL if it also violates another state or federal law; the UCL thus 'borrows' violations of other laws as predicates and treats them as independently actionable. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999). In order to assert a claim under the UCL, a plaintiff must have suffered injury and lost property or money as a direct result of the alleged unfair competition. Cal. Bus. & Prof. Code § 17204.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                    Page 9

---

### 2.  Plaintiff's UCL Claims that Accrued at the Time of the Loan Origination Are Barred by the Statute of Limitations

The UCL has a statute of limitations of four-years. Cal. Bus. & Prof. Code § 17208. While there is some confusion among the courts as to when the statute of limitations begins to run, this Court need not resolve that issue here.

"The Ninth Circuit has interpreted this provision to mean that claims under Cal. Bus. & Prof.Code § 17200 'are subject to a four-year statute of limitations which [begins] to run on the date the cause of action accrue[s], not on the date of discovery.'" *Perez v. Nidek Co., Ltd.*, 657 F.Supp.2d 1156, 1166 (2009) (quoting *Karl Storz Endoscopy-America, Inc. v. Surgical Tech., Inc.*, 285 F.3d 848, 857 (9th Cir. 2002)). One California Court of Appeal case has agreed. *See Snapp & Assoc. Ins. Services, Inc. v. Robertson,* 96 Cal.App.4th 884, 891 (2002). Yet another has disagreed. *See Massachusetts Mutual Life Ins., Co. v. Superior Court*, 97 Cal.App.4th 1282, 1295 (2002) (stating that the statute of limitations under section 17208 would "probably run from the time a reasonable person would have discovered the basis for a claim."). The California Supreme Court has recognized that this issue is not settled. *See Grisham v. Phillip Morris U.S.A., Inc.*, 40 Cal.4th 623, 635 n. 7 (2007) ("[w]e note that this point is currently not settled under California law, and we do not address it.").

Plaintiff alleges that Defendants marketed and funded predatory loans, refused to offer Plaintiff a reasonable loan modification and violated several California financial and penal laws in violation of the UCL. SAC (Dkt. 27) at ¶¶ 81-90.

In the previous motion to dismiss, Defendant's argued that the portion of the UCL claim that accrued during the origination of Plaintiff's 2006 loan was time barred. Plaintiff's complaint was filed in January 2012, over five years after the loan originated. The Plaintiff's did not address this argument and this Court granted the Defendants motion to dismiss without prejudice.

In the SAC, Plaintiff alleged the same facts in regards to the loan origination. Defendants once again argue that the portion of the UCL claim that accrued during the loan origination should be time barred and Plaintiff once again does not address this argument. Thus, the Court GRANTS AS UNOPPOSED the Motion to Dismiss WITH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                   Page 10

_____

PREJUDICE to the extent Plaintiff's UCL claims accrued at the time of the loan origination.[1]

### 3. The UCL Unlawful Prong
#### i. Allegations of Fraudulently Recorded Documents

UCL statutory standing can be satisfied where "a person . . . has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  There are "innumerable ways" in which "lost money or property" can be shown, including where plaintiffs: "(1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011).

To establish standing under the UCL a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." *Kwikset Corp.*, 51 Cal. 4th at 337. There is no causation "when a complaining party would suffer the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007).

Plaintiff avers that Defendants executed and recorded false and misleading documents without the legal authority to do so in violation of California Penal Code Sections 115.5[2] and 532(f)(a)(4)[3]. SAC (Dkt. 27) at ¶¶ 90, 98, 100, 102. On November

_____

[1] Even if the Court decided that the discovery rule was applicable to UCL claims, the Plaintiff has made no argument and pled no facts as to why Plaintiff would be unable to discover the UCL injuries that related to the loan origination.

[2] "Every person who files any false or forged document or instrument with the county recorder which affects title to, places an encumbrance on, or places an interest secured by a mortgage or deed of trust on, real property consisting of a single-family residence containing not more than four dwelling units, with knowledge that the document is false or forged, is punishable, in addition to any other punishment, by a fine not exceeding seventy-five thousand dollars ($75,000)." Cal. Pen. Code § 115.5(a).

[3] "A person commits mortgage fraud if, with the intent to defraud, the person . . . [f]iles or causes to be filed with the recorder of any county in connection with a mortgage loan transaction any document the person knows to contain a deliberate misstatement, misrepresentation, or omission." Cal. Pen. Code § 532(f)(a)(4).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                     Page 11

---

18, 2009, Defendant ReconTrust recorded a Notice of Default ("NOD"). SAC (Dkt. 27) at ¶ 101. The NOD is dated November 13, 2009. RJN (Dkt. 31) Ex. B. On February 1, 2010, Defendant ReconTrust recorded the Corporation Assignment of Deed of Trust which assigned beneficial interest in the property to the Bank of New York. RJN (Dkt. 31) Ex. C. The Assignment of Deed is dated November 13, 2009, but the document is not notarized until January 19, 2010. *Id.* Plaintiff avers that the November 13, 2009, date is a fabrication and therefore Defendants recorded an altered and misleading document, which constitutes an unlawful business practice.

Defendants argue that Plaintiff's UCL claim fails because it is time barred, the complaint is not adequately pled, and Plaintiff lacks standing. This Court will discuss each in turn.

As noted previously, the UCL has a statute of limitations of four-years. Cal. Bus. & Prof. Code § 17208. The alleged unlawful act by Defendants occurred sometime after November 13, 2009. Plaintiff's complaint was filed less than four years later on January 9, 2012. Therefore, Plaintiff's UCL claim as it relates to the fraudulently recorded document is not time barred.

Defendants also argue that Plaintiff did not plead an unlawful act. Yet, in the SAC, Plaintiff sufficiently pleads facts from which the inference could be drawn that Defendants recorded false or forged documents with the county recorder in violation of California Penal Code Sections 115.5 and 532(f)(a)(4).

Lastly, Defendants argue that Plaintiff lacks statutory standing to bring a UCL claim because he has not suffered any injury as a result of Defendants' alleged unlawful act or in the alternative, that there is no causation. Defendants assert that Plaintiff lacks statutory standing because Plaintiff's property has not yet been foreclosed upon and thus Plaintiff has not lost money or property as required by the UCL. Yet several California District Courts have held the exact opposite. When it is undisputed that foreclosure proceedings have been initiated which put the plaintiff's interest in their property in jeopardy, this fact is sufficient to establish injury under the UCL. *See Tamburri v. Suntrust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 144442 (N.D. Cal. 2011); *see also Sullivan v. Wash. Mut. Bank, FA*, 2009 U.S. Dist. LEXIS 104074, 12-13 (N.D. Cal. 2009), *Clemens v. J.P. Morgan Chase Nat'l Corporate Servs.*, 2009 U.S. Dist. LEXIS 111646 (N.D. Cal. 2009).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                    Page 12

---

Plaintiff, however, must also show that his injury, the foreclosure proceedings, resulted from Defendant's conduct prohibited by the UCL. While Plaintiff has adequately alleged facts that indicate Defendants' behavior violates the UCL, Plaintiff fails to adequately allege that these violations had a causal link to any injury towards Plaintiff. Prior to the fraudulent recording of the Assignment of Deed, Plaintiff was over $100,000 in default on his loan indicating that it is Plaintiff's default on his loan prior to any of the alleged behavior that is the cause of the foreclosure proceeding. SAC (Dkt. 27) Ex. F. If Plaintiff had alleged facts that causally linked the fraudulent recorded documents to an injury, such as failure to make mortgage payments due to the fraudulent documents creating confusion about to whom these payments were owed, this Court would have reached a different conclusion.

Accordingly, Plaintiff lacks statutory standing to bring a UCL claim based on the alleged recording of fraudulent documents. Therefore, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss to the extent Plaintiff's UCL claim is based on the aforementioned unlawful act of recording false documents.

## ii.    The TILA Claim

In this Court's previous Order, Plaintiff's claim for TILA violations survived the Defendants' motion to dismiss. Order (Dkt. 26) at. 9-11. In Plaintiff's SAC, Plaintiff again properly alleged TILA violations and Defendants' motion to dismiss does not argue otherwise. By properly alleging a TILA violation, Plaintiff has also alleged a UCL violation under the prong of the UCL that prohibits "unlawful" business acts or practices.

The alleged TILA violations took place in February, 2010. SAC (Dkt. 27) at ¶ 38. This is less than four years before Plaintiff filed his initial complaint, therefore it is not time-barred.

Due to the TILA violations, Plaintiff did not receive information regarding how to contact his new creditor or any other information regarding that creditor, as required by TILA. *Id.* at ¶¶ 73-75. Plaintiff also claims that he acquired information regarding the multiple transfers of his loan through a securitization analysis report. *Id.* at ¶ 36. From these alleged facts, it can be inferred that Plaintiff entered into a transaction, ordering the securitization analysis report, that would have otherwise been unnecessary if Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                    Page 13

---

had not committed the TILA violations. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011). Therefore, construing all inferences in Plaintiff's favor, Plaintiff has alleged facts sufficient to show statutory UCL standing.

Therefore, the Court DENIES Defendants' Motion to Dismiss to the extent Plaintiff's UCL claim is based on TILA violations.

### 4. The Stipulated Judgment Does Not Support a UCL Unfair Prong Argument

Plaintiff alleges that Defendants were required to offer him a loan modification pursuant to the Stipulated Judgment between Countrywide and the California Attorney General. SAC (Dkt. 27) at ¶ 83. Defendants argue that the Stipulated Judgment does not support any claim for relief. As noted in a footnote of this Court's previous Order, other courts that have dealt with this agreement have refused to allow plaintiffs to assert rights under the agreement. *See Montoya v. Countrywide Bank, F.S.B.*, No. C09-00641 JW, 2009 WL 1813973, at *11 (N.D. Cal. June 25, 2009) (holding that plaintiff borrower could not sue for defendant lender's breach because "Plaintiffs do not have standing to enforce the October 20, 2008 stipulated settlement," citing a section of the agreement entitled "No Third Party Beneficiaries Intended").

Plaintiff offers no contrary authority. Therefore, Plaintiff's argument that the Stipulated Judgment supports their claim that Defendants violated the UCL is unavailing. The Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss to the extent Plaintiff's UCL claim is based on the Stipulated Judgment.

### C. Defendant Countrywide Did Not Owe a Fiduciary Duty to Plaintiff

As stated in this Court's previous Order, Plaintiff's breach of fiduciary duty claim is subject to the extensive authority that holds that lenders do not owe a fiduciary duty to borrowers unless certain exceptions apply. Order (Dkt. 26) at 17. One of these exceptions giving rise to a fiduciary duty exists where the lender, here Countrywide, was an "active participant" in an enterprise "beyond the domain of a usual money lender." *Connor v. Great W. Sav. & Loan Ass'n*, 69 Cal. 2d 850, 864 (1968). Plaintiff failed to allege facts satisfying this exception in his FAC and again fails to do so in his SAC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                          Date: January 24, 2013
                                                          Page 14

---

Plaintiff once again argues that Countrywide breached a fiduciary duty to Plaintiff, by, *inter alia*, "failing to disclose illegal and inequitable terms of the subject of the loans[,] falsifying the loan applications, and charging excessive and improper fees and by secretly profiting from excessive fees." SAC (Dkt. 27) at ¶ 109. In the SAC, Plaintiff adds allegations that merely parrot back the language used in this Court's previous Order, making the conclusory statement that Countrywide "was an active participant in effectuating the loan transaction and its duties went beyond the scope of a usual money lender." *Id*. at ¶ 108. The only additional purported fact is the conclusory statement that Countrywide "acted as a dual agent for both borrower and lender." *Id*.

Plaintiff fails to allege facts that support the inference that Countrywide's actions rose to the level of an "active participant." Thus Plaintiff fails to show that Countrywide owed a fiduciary duty to Plaintiff. Because the Court has already granted Plaintiff leave to amend his complaint once to address this shortcoming, the Court GRANTS WITH PREJUDICE the Motion and DISMISSES the breach of fiduciary duty claim.

### D. Plaintiff Fails to State a Claim for Cancellation of Written Instrument

Plaintiff seeks cancellation of the loan agreement as void from the inception pursuant to California Civil Code Sections 3412, 1689 and 1670.5. SAC (Dkt. 27) at ¶ 113. These Sections respectively provide that a written instrument may be cancelled if void, unlawful, or unconscionable. These will be evaluated in turn.

#### 1. Plaintiff's Offer to Restore the Benefits of the Loan, as Required by Section 3412, Is Insufficient

As stated in this Court's previous Order, Plaintiff must allege that he has "restore[d] to the other party everything of value which he has received from him under the contract or offer[ed] to restore the same" in order to state a claim pursuant to Section 3412. Cal. Civ. Code § 1691; *see also Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.*, 121 Cal. App. 3d 447, 457 (1981) ("[I]n order to obtain rescission of an agreement . . . a plaintiff must generally restore to the defendant everything of value which the plaintiff has received from defendant under the agreement.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                           Date: January 24, 2013
                                                          Page 15

---

In the SAC, Plaintiff states that he is "prepared to restore the [p]roperty to Defendants." SAC (Dkt. 27) at ¶ 114. This statement does not appear to constitute an "offer" as required, but even if it does the "offer" is inadequate. Offering to restore the property to the Defendants is not an offer to restore "everything of value" that Plaintiff received. Under the loan agreement, Plaintiff received $642,000 from Defendants, not a home. Therefore, to satisfy this requirement, Plaintiff would need to offer to restore "everything of value which the plaintiff has received from defendant under the agreement." *Id.* Plaintiff fails to do so; therefore, Plaintiff is not entitled to relief under Section 3412.

### 2.  Plaintiff's Allegations Are Too Conclusory to State a Claim Under Sections 1689 or 1670.5

Plaintiff claims for rescission are based on the loan agreement being either unlawful or unconscionable pursuant to California Civil Code Sections 1689 and 1670.5. *See* Cal. Civ. Code §1689 ("[a] party to a contract may rescind the contract . . . (5) if the contract is unlawful"); Cal. Civ. Code § 1670.5 ("[the court] may so limit the application of any unconscionable clause as to avoid any unconscionable result").

### i.  Plaintiff Fails to Allege Facts to Support Their Unconscionability Claim

Plaintiff asserts a cause of action against Defendants for "unconscionability" under Section 1670.5. This code section "merely codifies the defense of unconscionability" and does not in itself create an affirmative action. *See California Gorcers Assn. v. Bank of America*, 22 Cal. App. 4th 205, 217 (1994). Nonetheless, this Court will charitably construe these allegations as seeking a declaration that the contract is unenforceable under general unconscionability principals, which would indeed be a cause of action if adequately pled.

In California, "unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000). "Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice." *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486 (1982). "Surprise

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                    Page 16

---

involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms." *Id.* "Substantive unconscionability focuses on the terms of the agreement and whether those terms are so one-sided as to shock the conscience." *Kinney v. United HealthCare Services, Inc.*, 70 Cal. App. 4th 1322, 1330 (1999).

"The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Armendariz*, 24 Cal. 4th at 114. "But they need not be present in the same degree." *Id.* "The more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.*

Plaintiff argues that the loan agreement contained unconscionable terms, "including adjustments in payments, unjust funding fees, [and the] unconscionable addition to the principal balance of the loan by means of the interest only loan." SAC (Dkt. 27) at ¶115. Plaintiff also argues that the loan agreement was unconscionable because it set up Plaintiff for "certain default based on his objective inability to afford the monthly payments." *Id.* at ¶112. Therefore, Plaintiff seeks cancellation of the loan agreements as void from the inception. Defendants argue that Plaintiff's allegations are too conclusory to state a claim.

Plaintiff does not allege any facts that establish the procedural unconscionability element. Plaintiff fails to allege any facts that show oppression or surprise. Recent California District Court's have held that plaintiffs are unable to show procedural unconscionability in similar loan agreement situations when the complaint lacks facts establishing how the agreement was presented to the plaintiff, facts establishing relative bargaining power, or facts establishing a lack of negotiation. *See Estillore v. Countrywide Bank FSB*, 2011 U.S. Dist. LEXIS 13530, *58 (E.D. Cal. 2011) (Plaintiff's claim that bank approved him for a loan he was unqualified for and could not afford and the agreement was based on deception and unfair bargaining position unable to establish unconscionability); *Ghuman v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 103248, *20 (E.D. Cal. 2012) (plaintiff unable to demonstrate agreement was oppressive when they failed to allege facts establishing how plaintiff was presented with loan agreement or facts establishing relative bargaining power); *Chang Bee Yang v. Sun Trust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 147656, *28 (E.D. Cal. 2011); *Park v. Wachovia Mortg. FSB*,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                          Date: January 24, 2013
                                                         Page 17

---

2011 U.S. Dist. LEXIS 2956 (S.D. Cal. 2011) ("The [c]omplaint fail[ed] to identify facts that there was a lack of negotiation and meaningful choice in obtaining the loan agreement and trust deed to support procedural unconscionability."); *Legrama v. Fremont Inv. & Loan*, 2010 U.S. Dist. LEXIS 126784, *49-*50 (N.D. Cal. 2010) (No procedural unconscionability when "[p]laintiffs state in their [c]omplaint that [d]efendants acted from an unfair bargaining position, [but] they offer no facts in support of this contention").

Furthermore, Plaintiff does not make any argument that the loan agreement contained any hidden terms that would suggest "surprise." Plaintiff discusses the Truth In Lending Disclosure Statement (SAC Ex. C) and the Borrower's Final Settlement Statement (SAC Ex. E), which together described in detail all of the alleged "unconscionable" terms. SAC (Dkt. 27) at ¶¶ 20, 23.

Lastly, while Plaintiff asserts that he did not know that Countrywide used an inflated income on his loan application, this was not a term of the agreement between Plaintiff and Defendants. All terms of the contract were stated in the loan agreement, including the adjustable rate rider, which Plaintiff signed.

Accordingly, because Plaintiff has not met his burden of establishing procedural unconscionability, which is required to succeed on an unconscionability claim, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss to the extent that it is based on an unconscionability claim.

> ## ii. Plaintiff's Allegations Are Too Conclusory to State a Claim Under Section 1689

Plaintiff also argues that Countrywide acted illegally by qualifying Plaintiff for his loan. Plaintiff claims Countrywide violated numerous California laws including Financial Code Section 4973 and Civil Code Section 1709. SAC (Dkt. 27) at ¶ 117. Defendants argue that Plaintiff's allegations are too conclusory and that Plaintiff signed all loan documents that disclose the terms. In addition, Defendants argue that Plaintiff cannot invoke Section 1689 and rescind the contract without tendering the loan amount.

In the previous order, this Court found that Plaintiff included no facts to substantiate their conclusion that Countrywide had or should have had knowledge that

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                    Page 18

---

Plaintiff was sure to default. This Court stated that the Plaintiff must do more than state legal conclusions and found that Plaintiff failed to sufficiently plead facts that established that the loan agreement was illegal.

In the SAC, the only relevant newly pled facts are regarding the Stipulated Judgment between Countrywide and the California Attorney General. SAC (Dkt. 27) Ex. H. The SAC states that Countrywide admits that the "subprime" loans led to a higher incidence of default. SAC (Dkt. 27) at ¶ 26. Plaintiff goes on to state that "[p]er the Stipulated Judgment" Countrywide "admits it knew the type of loan given to [Plaintiff] was set up for certain default." *Id*. at ¶ 116. But nowhere in the Stipulated Judgment does Countrywide state that the Plaintiff's loan was set up for "certain default." *See* SAC (Dkt. 27) Ex. H. Plaintiff has again failed to sufficiently plead facts that establish that the loan agreement was illegal and therefore he is not entitled to relief under Section 1689.

For the reasons given above and because the Court has already granted Plaintiff leave to amend his complaint once to address these shortcomings, the Court GRANTS WITH PREJUDICE the Motion to Dismiss to the extent it is based on Plaintiff's claim for cancellation of a written instrument.

## E.  Plaintiff Fails to State a Claim for Equitable Estoppel

This Court previously rejected Plaintiff's claim for equitable estoppel due to Plaintiff's failure to adequately plead the elements. Order (Dkt. 26) at 20. Plaintiff's SAC contains the precise language from this Court's prior order specifying the elements. But, beyond Plaintiff reciting the language of this Court's previous Order and making conclusory statements such as "Defendants were apprised of the fact that the loan was void at inception" and Defendants' "knew that the type of loan selected for [Plaintiff] was set up for certain default," Plaintiff fails to plead any facts to establish his claim.

Plaintiff again fails to plead facts that would satisfy the elements of an equitable estoppel claim. Because the Court has already granted Plaintiff leave to amend his complaint once to address this shortcoming, the Court GRANTS WITH PREJUDICE the Motion to Dismiss to the extent it is based on Plaintiff's equitable estoppel claim.

## F.  Plaintiff Fails to Sufficiently Allege that Defendants Breached an Implied Covenant of Good Faith and Fair Dealing

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                    Page 19

---

In order to plead breach of the implied covenant, "a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Grp., Inc.,* 642 F.Supp.2d 1012, 1021-22 (N.D. Cal. 2009). Breach of an express provision of the contract is not required as a prerequisite to claiming a breach of the implied covenant. *See Schwartz v. State Farm Fire & Cas. Co.*, 88 Cal. App. 4th 1329, 1339 (2001) (citing *Carma Developers (Cal.), Inc. v. Marathon Development Cal., Inc.*, 2 Cal. 4th 342, 373 (1992)). Because the implied covenant exists to ensure compliance with the terms of a contract, it "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-50 (2000). The implied covenant "will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1120 (2008).

Plaintiff argues that Defendants breached the implied covenant of good faith and fair dealing under five different theories: (1) qualifying him for a loan that he could not afford; (2) enforcing the loan that was allegedly illegal and unconscionable; (3); refusing to offer him a reasonable loan modification; (4) breaching the Truth In Lending Act; and (5) recording documents with the county recorder that were false. FAC (Dkt. 13) at ¶¶ 120-24; SAC (Dkt. 27) at ¶¶ 136, 139.

This Court previously rejected Plaintiff's first three theories. As stated in this Court's previous Order, Plaintiff's "argument that the implied covenant was breached when the Defendants qualified him for the loan is unavailing." Order (Dkt. 26) at 20. *Id.* Second, "[t]o hold Defendants breached the implied covenant by enforcing their rights under the contract would be absurd." *Id.* at 21. Third, "Plaintiff fails to allege why not offering a reasonable loan modification would frustrate the purpose of Plaintiff's rights under the contract." *Id.*

Plaintiff's fourth theory that Defendants breached its duty of good faith by breaching TILA and recording false documents is also unavailing. Plaintiff's TILA claim is based on Bank of New York being assigned a beneficial interest in the loan in February 2010. Plaintiff did not receive disclosures alerting him of the assignment at the time, violating the TILA disclosure requirements. Yet Plaintiff does not allege any facts that indicate that this in any way frustrated his right to enjoy the benefit of his original

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0033 DOC (MLGx)                    Date: January 24, 2013
                                                    Page 20

---

bargain. Plaintiff does not allege any facts that indicate that this violation of TILA infringed on his ability to make his monthly payments or to continue to benefit from the loan. Therefore, Plaintiff's argument is unavailing.

Regarding Plaintiff's fifth theory, Plaintiff has failed to explain why Defendants' recording of alleged false documents in January 2010 has frustrated his right to enjoy the benefit of his bargain. The false documents consisted of allegedly retroactively dated documents to indicate that a beneficial interest in the loan was assigned to Bank of New York at an earlier date than the interest was actually assigned. This claim fails for the same reason the above fourth theory about TILA fails. Plaintiff has failed to plead any facts that indicate that the alleged fraudulent recording frustrated his enjoyment of the bargain.

Because the Court has already granted Plaintiff leave to amend his complaint once to address this shortcoming, the Court GRANTS WITH PREJUDICE the Motion to Dismiss to the extent it is based on a violation of a covenant of good faith and fair dealing.

## IV.    Disposition

For the foregoing reasons, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss Plaintiff's fraud claim, breach of fiduciary duty claim, claim for cancellation of a written instrument, equitable estoppel claim, violation of a covenant of good faith and fair dealing, UCL claim to the extent the claim accrued at the time of the loan origination, the UCL claim to the extent it is based on unlawfully recording false documents, and the UCL claim to the extent it is based on the Stipulated Judgment.

The Court DENIES Defendants' Motion to Dismiss Plaintiff's UCL claim to the extent the claim is based on TILA violations.